**UNITED STATES of America,
Appellee,**

v.

**Eugene MORRELL, Defendant–
Appellant.**

**Docket No. 04–5372–CR.**

United States Court of Appeals,
Second Circuit.

July 8, 2005.

Kurt M. Hughes, Murdoch & Hughes,
Burlington, VT, for Defendant–Appellant.

John M. Conroy, Assistant United
States Attorney (David V. Kirby, United
States Attorney for the District of Ver-
mont, Paul J. Van de Graaf, Chief, Crimi-

nal Division, on the brief), Burlington, VT, for Appellee.

PRESENT: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Eugene Morrell appeals from the District Court's judgment, entered September 27, 2004, imposing a sentence of 262 months imprisonment, five years supervised release, and a $300 special assessment, after a jury verdict of guilty of one count of being a felon in possession of firearms under 18 U.S.C. § 922(g)(1), one count of possession of stolen firearms under 18 U.S.C. § 922(j), and one count of conspiracy to possess stolen firearms under 18 U.S.C. § 371. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

In reviewing a district court's denial of a suppression motion, we review its factual findings for clear error and its legal conclusions *de novo*. *See United States v. Reyes*, 353 F.3d 148, 151 (2d Cir.2003).

■ Appellant's motion to suppress the firearms and hat was properly denied. Morrell had no reasonable expectation of privacy in a truck that he did not own or lease. *See Rakas v. Illinois*, 439 U.S. 128, 133–34, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *United States v. Smith*, 621 F.2d 483, 486–88 (2d Cir.1980). Neither did he assert a property interest in the firearms, though this would have been insufficient on its own to establish a reasonable expectation of privacy in any event. *See Rawlings v. Kentucky*, 448 U.S. 98, 105–06, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). Furthermore, the search was voluntarily consented to by the driver and registrant of the truck, whom police reasonably believed to have authority over it. *See Illinois v. Rodriguez*, 497 U.S. 177, 186, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990); *United States v. Matlock*, 415 U.S. 164, 170, 94 S.Ct. 988, 39 L.Ed.2d 242 (1980). The hat was seized pursuant to a valid inventory search. *See Illinois v. Lafayette*, 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983).

■ The District Court properly denied appellant's motion to suppress his statements to ATF agents. Because the state troopers knew that appellant had prior felony convictions and had been recently seen riding in a truck in which firearms were in plain view, they had probable cause to arrest him for being a felon in possession of firearms. *See United States v. Hensley*, 469 U.S. 221, 235–36, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985). Appellant has not identified any treatment by law enforcement that would render his statements involuntary, *see Spano v. New York*, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959), and in any event he waived his argument that they were by failing to raise such a claim in his suppression motion, *see* Fed.R.Crim.P. 12(b)(3)(C) & (e).

■ Because the District Court sentenced appellant prior to the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), in the belief that the Sentencing Guidelines were mandatory, and because appellant preserved his objection to the mandatory application of the Guidelines under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), appellant is entitled to a remand for resentencing under *United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005). Because the District Court on remand will still be obligated to "consider" the Guidelines, it is within our discretion to adjudicate Guidelines issues before remanding. *Id.* at 141. Other than challenging various enhancements under *Booker*, the only issue that appellant raises is a challenge to the District Court's denial of a downward departure for significantly reduced mental capacity under

U.S.S.G. § 5K2.13. Because the District Court recognized its discretion to grant such a departure and declined to do so in the exercise of that discretion, we have no jurisdiction to review this claim. *See United States v. Galvez–Falconi,* 174 F.3d 255, 257 (2d Cir.1999).

For the foregoing reasons, the judgment of the District Court is AFFIRMED IN PART and the case is REMANDED to the District Court with instructions to vacate the sentence and resentence in conformity with *Booker* and *Fagans.* Any appeal taken from the District Court following this remand and resentencing can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).