*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0377p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

　　　　　　*Plaintiff-Appellee,*

　　　*v.*

MARTECE PUCKETT,

　　　　　　*Defendant-Appellant.*

No. 04-5988

>

---

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 02-00134—Thomas Varlan, District Judge.

Argued: May 11, 2005

Decided and Filed: September 6, 2005

Before: SILER and ROGERS, Circuit Judges; REEVES, District Judge.[*]

---

## COUNSEL

**ARGUED:** Paula R. Voss, FEDERAL DEFENDER SERVICES, Knoxville, Tennessee, for Appellant. Matthew T. Morris, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Paula R. Voss, FEDERAL DEFENDER SERVICES, Knoxville, Tennessee, for Appellant. Matthew T. Morris, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee.

　　　SILER, J., delivered the opinion of the court, in which REEVES, D. J., joined. ROGERS, J. (p. 6), delivered a separate dissenting opinion.

---

## OPINION

---

　　　SILER, Circuit Judge. Defendant Martece Puckett was arrested for drug and gun possession following a search of his vehicle after a routine traffic stop. He contends that the stop was illegal for lack of probable cause. Accordingly, Puckett appeals the district court's denial of his motion to suppress evidence obtained by the police pursuant to his traffic stop and the district court's denial of a motion for a downward departure of his sentence. For the reasons discussed below, we **AFFIRM**.

---

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## I. BACKGROUND

In 2002, Officer Felix Vess of the Knoxville Police Department observed a white Mercury Marquis driven by Puckett. Vess was interested in the Mercury because a similar motor vehicle had been involved in an alleged shooting in the area weeks before. Vess "paced" Puckett for several blocks, using the speed of his own cruiser to determine the speed of Puckett's vehicle. Thereafter, Vess stopped Puckett for speeding. Puckett contends that because Vess followed him for only a few seconds he was unable to accurately determine his speed, and therefore had no probable cause to stop him. Following the stop, Vess arrested Puckett for driving without a valid driver's license. Vess also smelled a strong odor of marijuana in the vehicle and observed a plastic bag containing marijuana in the passenger seat. A search of the vehicle resulted in the discovery of a pistol, ammunition, and approximately 117.6 grams of marijuana.

Puckett was subsequently indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B); and possession of a firearm during the course of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). His motion to suppress the drug and gun evidence obtained in the search of his car was denied.

Puckett later entered a conditional plea of guilty and was sentenced to 97 months' incarceration. The court denied Puckett's motion for a downward departure from the Sentencing Guidelines range pursuant to 18 U.S.C. § 3553.

## II. MOTION TO SUPPRESS

When reviewing a district court's determination regarding a suppression question, "a district court's factual findings are accepted unless they are clearly erroneous; however, the district court's application of the law to the facts, such as a finding of probable cause, is reviewed de novo." *United States v. Pasquarille*, 20 F.3d 682, 685 (6th Cir. 1994) (citing *United States v. Thomas*, 11 F.3d 620, 627 (6th Cir. 1993)). A factual finding will only be clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed – with the evidence reviewed "in the light most likely to support the district court's decision." *United States v. Johnson* 242 F.3d 707, 709 (6th Cir. 2001).

Puckett contends that the district court erred in not granting his motion to suppress because Vess lacked probable cause to stop him and therefore the fruits of the illegal search are inadmissible. Probable cause is determined by the totality of the circumstances, *Pasquarille*, 20 F.3d at 686; is fact-dependent; and will turn on what the officer knew at the time he made the stop. *Johnson*, 242 F.3d at 709; *see also United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993) (en banc) ("This totality of the circumstances analysis includes a realistic assessment of the situation from a law enforcement officer's perspective.").

Puckett suggests that Vess's true motivation for the traffic stop was to find a white four-door sedan involved in a shooting two weeks prior. He further argues that the totality of the circumstances does not support Vess's decision to begin following and pacing Puckett's vehicle. However, the reasons for Vess's interest in Puckett's vehicle are immaterial to the determination of whether probable cause for the stop existed; rather, a probable cause determination turns on what the officer knew *at the time he made the stop*. *See Ferguson*, 8 F.3d at 391.

At the time of the stop, Vess had made a reasonable estimate of the defendant's speed to be 45 miles per hour. The posted speed limit for the street in question was 30 miles per hour. Puckett's own expert testified that Puckett was most likely traveling between 36 and 38 miles per hour. Although the expert's speed estimate is lower than Vess's estimate, all evidence indicates that Puckett was speeding at the time Vess initiated the stop.

Based on the testimony at the suppression hearing, the district court determined that Vess had probable cause to believe that Puckett had exceeded the posted speed limit. As the district court noted in its Order,

> [N]o dispute exists between Officer Vess and Mr. Jones that [Puckett] was speeding while traveling down Virginia Avenue on April 13, 2002, since he was going over the posted speed limit of thirty (30) miles-per-hour. By the admission of [Puckett's] own expert testimony, [Puckett] was speeding. Since [Puckett] was going over the speed limit, there is no question that Officer Vess had probable cause to stop him for speeding.

Vess testified that he believed that Puckett was exceeding the speed limit when he stopped him – a belief supported by the testimony rendered at the suppression hearing. Viewing the totality of the evidence, we agree with the district court that Vess had probable cause to stop Puckett. After the stop, Vess smelled and saw in open view the marijuana in the seat. Therefore, there was probable cause to search the car at that point. Thus, the search was reasonable and the court correctly denied the motion to suppress.

### III. WAIVER OF APPEAL

In his plea agreement, Puckett expressly consented to sentencing under the Sentencing Guidelines. Previously, in *United States v. Bradley*, 400 F.3d 459 (6th Cir. 2005), we held that a voluntary waiver of appeal in a plea agreement precludes *Booker* review of the sentence. *Id.* at 465 ("Having voluntarily and knowingly bargained . . . Bradley cannot now extract two components of that bargain-his agreement to be sentenced under the then-mandatory Guidelines and his agreement to waive his right to appeal-on the basis of changes in the law after that bargain was struck."). However, *Bradley* is inapplicable here in light of our recent decision in *United States v. Amiker*, 414 F.3d 606 (6th Cir. 2005). As in *Amiker*, Puckett did not expressly waive his right to appeal in the plea agreement, 414 F.3d at 607, and thus the current situation falls outside the reach of *Bradley*. The mere fact that Puckett agreed to be, and was, sentenced pursuant to the Sentencing Guidelines, does not preclude him from raising on appeal an alleged *Booker* error regarding his sentence. *Amiker*, 414 F.3d at 608.

### IV. DOWNWARD DEPARTURE

Traditionally, we have reviewed a district court's decision to grant a downward departure from the Sentencing Guidelines for abuse of discretion. *See United States v. Cole*, 359 F.3d 420, 429 (6th Cir. 2004); *United States v. Kuhn*, 345 F.3d 431, 436 (6th Cir. 2003). Further, we have "consistently held that the decision by a district court not to depart downwards from the Guidelines is not reviewable on appeal unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure." *United States v. Stewart*, 306 F.3d 295, 329 (6th Cir. 2002); *see also United States v. Lucas*, 357 F.3d 599, 609-10 (6th Cir. 2004) (same). However, the recent decision of *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005), has clouded the issue. Indeed, one line of reasoning suggests that we may now review such decisions for reasonableness. *See United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005); *United States v. Climmie Jones*, 399 F.3d 640, 650 (6th Cir. 2005); *cf. United States v. Justin Jones*, __ F.3d __, 2005 WL 1847234, *3 n.3 (6th Cir. Aug. 1, 2005) ("After *Booker*, of course, a defendant who received a downward departure for substantial assistance is free to argue that the sentence from which the district court departed was unreasonable in light of 18 U.S.C. § 3553(a)'s sentencing factors.").

The reasonableness standard set forth in *Jackson* is inapplicable here, as the district court there *granted* a downward departure after applying the factors listed in 18 U.S.C. § 3553(a). We then found the application unreasonable. 408 F.3d at 304-05. At question here is the district court's decision to *deny* a downward departure. Shortly following *Booker*, in *United States v. May*, 399 F.3d 817 (6th Cir. 2005), we "conclude[d] that the district court was aware of its discretion to grant a downward departure but determined that the facts of the case did not justify such a departure. Therefore, the district court's refusal to grant the downward departure is unreviewable on appeal." *Id*. at 827-28. Following that decision, however, in *Climmie Jones*, a panel of this court vacated and remanded for resentencing under *Booker*, but in dicta "encourage[d] the sentencing judge to explicitly state his reasons" for denying a downward departure. 399 F.3d at 650. It continued, stating, "[s]uch a statement will facilitate appellate review as to whether the sentence was 'reasonable.'" *Id*. Despite its statements in dicta, no expression was made regarding the applicable standard of review where the district court denied a downward departure.

Most recently, we decided the case of *Justin Jones*. There, we reaffirmed that the extent of a downward departure is "a determination that in any event [is] within the court's complete discretion to make." 2005 WL 1847234, at *3. In a footnote to that opinion, the *Justin Jones* court recognized the effects of *Booker*, indicating that a defendant remains free to argue that the sentence from which the district court departed, or did not depart, was unreasonable in light of 18 U.S.C. § 3553(a)'s sentencing factors. *Id*. at *3 n.3. However, the court deemed that the *Stewart* standard foreclosing review of a decision not to depart downward survived *Booker*. *Id*. ("We hold only that . . . insofar as the claim invites appellate review of the extent of a downward departure, it is foreclosed."). Thus, we must determine whether *Stewart* has survived these recent developments.

Puckett argues that the decision in *Booker*, which holds that the Sentencing Guidelines are "'merely advisory' rather than mandatory," supports his contention that the district court should have applied a downward departure. He argues for review of denials of downward departure, but he does not advocate the reasonableness review suggested by *Booker* and advanced by *Climmie Jones* and *Jackson*. Instead, he would have us apply a clearly erroneous standard to the denial of the motion for downward departure. However, he misunderstands the standard articulated in *United States v. Latouf*, 132 F.3d 320, 331 (6th Cir. 1997). In *Latouf*, we applied the clearly erroneous standard to the *determination* of a guideline range, rather than a *departure* from the calculated guideline range. *Id*. Therefore, the clearly erroneous standard of *Latouf* is inapplicable here.

We find no compelling argument to disturb the standard enunciated in *Stewart*. Our position on this is supported by the stances of our sister circuits. The Eighth Circuit has recently reaffirmed a rule similar to that of *Stewart* which holds that refusals to grant a downward departure are unreviewable. *United States v. Frokjer*, 415 F.3d 865 (8th Cir. 2005) ("[W]e see no reason why *Booker*-which left intact §§ 3742(a) and (b)-should alter our rule that a district court's discretionary decision not to depart downward is unreviewable."); *see also United States v. Andreano*, __ F.3d __, 2005 WL 1875711, *3 (8th Cir. Aug. 10, 2005). Likewise, the Tenth Circuit has stated that, as *Booker* preserved the section of the Sentencing Reform Act which provided for appellate review of sentences, 18 U.S.C. § 3742(a), "this court continues to have the same jurisdiction to review Guidelines sentences as it had before" *Booker*. *United States v. Sierra-Castillo*, 405 F.3d 932, 936 n.3 (10th Cir. 2005). The *Sierra-Castillo* court then stated that it had no jurisdiction "to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure." *Id*. at 936. Finally, the First Circuit has also stated, post-*Booker*, that it lacks "jurisdiction to review 'a discretionary decision not to depart on the facts of the particular case.'" *United States v. Burdi*, 414 F.3d 216 (1st Cir. 2005); *see also United States v. Hatcher*, 2005 WL 1253867, *9, 12 (4th Cir. May 27, 2005) (decision to deny downward departure not reviewable, but underlying sentence reviewable under *Booker*); *cf. United States v. Louis*, 2005 WL 1530110, *3 (11th Cir. June 30, 2005) (slip copy) (holding that district court's denial of downward departure is unreviewable); *United States v. Morrell*, 2005 WL 1607077,

*2 (2d Cir. July 8, 2005) (slip copy) (same); *United States v. Hagberg*, 2005 WL 1607314, *1 (9th Cir. July 8, 2005) (unpublished) (same).

In light of our own precedent, and the recent decisions by the other circuits, we hold that the standard from *Stewart* has survived *Booker*. Therefore, although the sentence departed from may be reviewed under *Booker*, *see Justin Jones*, 2005 WL 1847234, at *3, we shall not review decisions of a district court not to depart downward "unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure." *Stewart*, 306 F.3d at 329. We now apply this standard to the case before us.

At Puckett's sentencing hearing, the district court denied Puckett's motion for a downward departure, saying:

> The Court's carefully considered the defendant's motion and acknowledges that the Court could depart under some circumstances. However, respectfully, based on the totality of the circumstances the Court finds these circumstances do not take this case out of the heartland of cases seen by the Court. Therefore, respectfully, the defendant's motion is hereby denied.

As we noted in *Lucas*, the district court need not "explicitly state that it is aware of its discretionary authority to depart downward." 357 F.3d at 609-10. Here, the district court not only explicitly stated that it knew it could depart from the suggested Sentencing Guidelines range, but it clearly chose not to do so. Therefore, having recognized its discretion, the decision of the district court is reviewable only if: (1) the sentence was imposed in violation of the law; (2) it was imposed as a result of an incorrect application of the guidelines; (3) the sentence represented an upward departure; or (4) the sentence was imposed for "an offense for which there is no [S]entencing [G]uideline and is plainly unreasonable." *See* 18 U.S.C. § 3742(a). However, "a court's failure to grant a downward departure is not reviewable even if based on clearly erroneous findings of fact." *United States v. Clark*, 385 F.3d 609, 623 (6th Cir. 2004).

None of the § 3742(a) exceptions applies here. Puckett does not challenge the application of the Sentencing Guidelines to calculate his sentence, nor does he allege that his sentence was "in violation of the law." Finally, the district court did not apply an upward departure, nor are the crimes charged in the indictment those with no applicable Sentencing Guidelines. Puckett merely contends that the interests of justice would be better served if he were subjected to a shorter sentence. Despite these arguments, the district court determined that the sentence recommended by the Sentencing Guidelines was most appropriate under the circumstances. Because the district court recognized its ability to make a downward departure but chose not to do so, we do not have jurisdiction to consider this issue. *May*, 399 F.3d at 827-28.

For the foregoing reasons, the decision of the district court is **AFFIRMED**.

––––––––––––––––––––

**DISSENT**

––––––––––––––––––––

ROGERS, Circuit Judge, dissenting. Although I concur with the court's decision in Parts I through III, I respectfully dissent from its decision not to remand. The holding in *United States v. Justin Jones* does not, in my view, preclude reasonableness review of aspects of the sentencing determination other than whether a departure is permitted (and the extent to which a departure is permitted) under the provisions of USSG Chapter 5. *See United States v. Justin Jones*, 417 F.3d 547, 551 n.3 (6th Cir. 2005). Puckett, in his reply brief, argued for a remand so that the district court can impose a sentence under an advisory guideline scheme, considering the factors set out in 18 U.S.C. § 3553. Generally, review of an issue mentioned for the first time in a reply brief is precluded. *See Aetna Cas. & Sur. Co. v. Lehey Constr. Co.*, 219 F.3d 519, 545 (6th Cir. 2000). In light of the intervening change in the law, requesting reasonable review in the reply brief should be sufficient, where, in this case, the original briefs were filed before the Supreme Court decided *Booker*. *See United States v. Webb*, 403 F.3d 373, 380 n.2 (6th Cir. 2005) (permitting *Booker* issue to be raised in supplemental brief).