NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0444n.06
Filed: June 25, 2007

No. 06-3540

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| RICARDO RODRIQUEZ-GOMEZ, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |

Before: BATCHELDER and MARTIN, Circuit Judges, and O'MEARA, District Judge[*]

**JOHN CORBETT O'MEARA, District Judge.** Defendant, a Mexican deportee who illegally reentered the United States following deportation, challenges the district court's sentence as unreasonable. Defendant seeks a downward departure from the sentence imposed due to an alleged overstatement of Defendant's criminal history or because he will be deported after completion of his sentence. For the following reasons, we affirm the judgment of the district court.

I.

On April 20, 2005, Defendant Ricardo Rodriquez-Gomez was arrested by the Cleveland Police Department for drug trafficking under the alias Cesar Perez-Rodriquez. Defendant had been previously convicted of possession with intent to distribute heroin in 2001 and was sentenced to 57 months of incarceration, after which he was deported on August 27, 2004. By Defendant's admission, he failed to obtain permission to reenter the United States from the Secretary of

---

[*] The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

Homeland Security following his deportation. On March 31, 2006, Defendant pleaded guilty to one count of illegal reentry following deportation.

The district court sentenced Defendant to 63 months of incarceration followed by three years of supervised release. The district court determined a total offense level of 21. The base offense level for illegal reentry was 8. Because of Defendant's previous drug trafficking and illegal entry convictions, 16 levels were added. Defendant's guilty plea qualified him for a three-point reduction, resulting in a total offense level of 21. The Guideline range for a total offense level of 21, criminal history category IV, is 57 to 71 months of incarceration. The district court's sentence of 63 months of imprisonment with a subsequent three year supervised release term falls within the Guideline range.

II.

Defendant now appeals his sentence as unreasonable because the district court denied his request for a downward departure. This court reviews sentences for procedural and substantive reasonableness. *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006); *United States v. Webb,* 403 F.3d 373, 383 (6th Cir. 2005).

> A sentence may be procedurally unreasonable if "the district judge fails to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." A sentence may be considered substantively unreasonable when the district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor."

*Collington*, 461 F.3d at 808 (citations omitted). A sentence falling within the properly calculated

Guideline range is entitled to a rebuttable presumption of reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). This court generally does not review a district judge's refusal to depart downward under Chapter 5 of the Sentencing Guidelines in calculating the proper Guideline range. *United States v. Puckett,* 422 F.3d 340, 345-46 (6th Cir. 2005). However, this rule does not "prevent our review of defendant's claim that his sentence is excessive based on the district court's unreasonable analysis of the section 3553(a) factors in their totality." *United States v. McBride*, 434 F.3d 470, 476-77 (6th Cir. 2006). Although Defendant frames the issue here as a denial of a "downward departure," he also challenges the reasonableness of his sentence. Therefore, it is appropriate for this court to consider Defendant's downward departure claim in the broader context of the overall reasonableness of his sentence. *See id.* at 474-75.

## III.

Defendant contends that the district court should have granted a downward departure because his criminal history is overstated and because he faces deportation after the completion of his sentence. Defendant maintains that his criminal history is comprised of offenses related to his drug habit and that his past convictions are non-violent. Pursuant to U.S.S.G. § 4A1.3(b)(1), the court may depart if "the criminal history category substantially over-represents the seriousness of the Defendant's past criminal conduct or the likelihood that the Defendant will commit other crimes. . . ." Defendant also asserts that a downward departure or variance is warranted because he will be immediately deported following his incarceration, thus rendering him less of a threat.

The district court did not err in refusing to grant a downward departure or a variance. Defendant's criminal history category did not substantially over-represent the seriousness of his past

criminal conduct or likelihood he will commit other crimes. In *Unites States v. Fletcher*, 15 F.3d 553, 555 (6th Cir. 1994), this court acknowledged that a departure was justified where a criminal history category overstates a defendant's criminal record because of the type of prior convictions and their unrelatedness to the current matter. The record, however, makes it clear that Defendant's prior convictions are serious and directly related to his current conviction.

Defendant was arrested for a drug-related offense and has been convicted of illegal reentry into the United States. Defendant's prior criminal record consists of a conviction for possession with the intent to distribute heroin, and subsequently, deportation. By illegally reentering the country and involving himself in illegal drug activity a second time, Defendant has shown a propensity for recidivism. The district court reasonably rejected Defendant's argument that his criminal history was overstated.

Further, the district court's decision that Defendant's deportable alien status does not support a downward departure or variance in this case is reasonable. Defendant was convicted of a crime that can only be committed by aliens whose conduct makes them deportable: namely, illegally reentering the United States. *See* 8 U.S.C. § 1326 (reentry of removed aliens). This court has found that "the Sentencing Commission took deportable alien status into account when formulating a guideline that applies almost invariably to crimes, such as 8 U.S.C. § 1326, that may be committed only by aliens whose conduct makes them deportable." *United States v. Ebolum,* 72 F.3d 35, 38-39 (6th Cir. 1995) (holding that "deportable alien status may not be a basis for downward departure from a sentence imposed under a guideline that applies primarily to aliens who are deportable").

In meting out the sentence, the district judge noted that he considered Defendant's arguments,

but stated, "I can't ignore the fact that the defendant has re-entered the United States for a second time. He did serve 57 months for a drug conviction, was deported and within less than a year he comes back to the United States and was arrested for another drug conviction." Joint Appendix ("JA") at 88. The district judge appropriately considered these factors as well as those set forth in 18 U.S.C. § 3553(a). *See* JA at 83-89. The record shows that the district judge considered Defendant's criminal and employment history, family circumstances, education, health and financial status, his history of drug abuse, the nature of the offense, the kinds of sentences available, and the need for the sentence imposed. The district judge chose a sentence within the Guideline range, 63 months. There is no indication in the record that this sentence is either procedurally or substantively unreasonable.

We **AFFIRM** the judgment of the district court.