**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  08a0068n.06
Filed:  January 22, 2008

**06-6226**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JERMAINE CANNADY, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  RYAN and DAUGHTREY, Circuit Judges; COHN,[*] District Judge.

MARTHA CRAIG DAUGHTREY, Circuit Judge.  The defendant, Jermaine Cannady, appeals the 46-month sentence imposed by the district court following his conviction on a charge of assault with a dangerous weapon.  Cannady contends that the district court erred in failing to grant him a downward departure pursuant to § 5K2.10 of the United States Sentencing Guidelines, based on his claim of "significant provocation" by the victim.  However, well-settled circuit precedent precludes us from reviewing the denial of a motion for downward departure unless the sentencing court is unaware of its discretion to depart.

Because the district court in this case clearly understood its discretionary authority to depart, but found such a departure unwarranted by the facts surrounding the offense,

---

[*]The Hon. Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

we conclude that the denial of a downward departure is, indeed, unreviewable and dismiss the appeal.

The events giving rise to Cannady's conviction took place at the low-security federal correctional institution in Ashland, Kentucky, where inmate Falaniko Uti was watching a professional football game in the prison's television room. Shortly after the game ended, as Uti continued to sit in front of the television set, someone poured heated baby oil over Uti's head, neck, shoulders, and chest, resulting in second-degree burns. Startled, Uti rose and turned to see the defendant standing near him with what he later described as "a five-foot rod." Uti slipped in the oil that had splashed on the floor, however, and immediately the defendant "was on top of [Uti] . . . [s]winging and trying to knock [his] head off, trying to hit [Uti] with [a metal mop handle]."

Uti claimed that he was struck with the mop handle six or seven times before he was able to rise from the floor and regain his footing. Cannady nevertheless continued swinging the makeshift weapon at Uti as Uti pursued him down a hallway, fending off the defendant's blows with his arms. Eventually, prison guards intervened and ended the scuffle just as Uti knocked the handle from the defendant's hands and grabbed Cannady by the throat.

As a result of the altercation, Cannady was charged in a three-count indictment with assault with intent to maim and disfigure (count one), assault with a dangerous weapon (heated baby oil or a metal mop handle) (count two), and assault resulting in serious bodily

injury (count three). At the conclusion of trial, the jury found the defendant not guilty of the offenses alleged in counts one and three and guilty of the assault charged in count two only in regard to the use of a metal mop handle and not the "baby oil heated to its boiling point." The district court determined that the appropriate guideline sentencing range was 46 to 57 months and that, in light of the factors outlined in 18 U.S.C. § 3553(a), a 46-month sentence was "sufficient but not greater than necessary to comply with [those] factors."

Cannady argued before the district judge that he was eligible for a downward departure under § 5K2.10 of the guidelines because Uti was so much larger and stronger than the defendant. Carrying this argument farther, he claimed that as a consequence, the assault on Uti with the mop handle actually resulted from *Uti's* wrongful conduct in pursuing Cannady down the prison hallway in a threatening manner. The district judge discredited that argument, stating:

> In this case, the Court concludes that Mr. Uti's actions in believing that Mr. Cannady was the one who threw the hot baby oil on him and subsequently approached him about it were not sufficient provocation to warrant a downward departure based on victim provocation.
>
> In making this finding, the Court concludes that the departure is not warranted in this case because Uti's conduct, while perhaps mistakenly believing that Mr. Cannady was the one who threw the oil on him, it was not wrongful as that term is used in the particular guideline.
>
> The plain language of the guideline requires the victim's wrongful conduct contribute significantly to provoking the offense behavior.
>
> In this case, the court does recognize it has the discretion to depart, but finds that in this particular case, under the facts of this case, that a downward departure under this particular provision is not warranted. So the objection to the failure to depart based on 5K2.10 will be overruled.

From that ruling, the defendant now appeals.

In sentencing defendant Cannady to 46 months in prison for the assault on Falaniko Uti with a metal mop handle, the district judge imposed punishment at the low end of the applicable range calculated according to the provisions of the United States Sentencing Guidelines. Nevertheless, Cannady requested additional leniency from the sentencing court, contending that a downward departure was appropriate under § 5K2.10, which provides in pertinent part:

> If the victim's wrongful conduct contributed significantly to provoking the offense behavior, the court may reduce the sentence below the guideline range to reflect the nature and circumstances of the offense. In deciding whether a sentence reduction is warranted, and the extent of such reduction, the court should consider the following:
>
> (1) The size and strength of the victim, or other relevant physical characteristics, in comparison with those of the defendant.
>
> (2) The persistence of the victim's conduct and any efforts by the defendant to prevent confrontation.
>
> (3) The danger reasonably perceived by the defendant, including the victim's reputation for violence.
>
> (4) The danger actually presented to the defendant by the victim.
>
> (5) Any other relevant conduct by the victim that substantially contributed to the danger presented.
>
> (6) The proportionality and reasonableness of the defendant's response to the victim's provocation.

Ordinarily, the refusal by a district court to grant a downward departure is not reviewable on appeal – as long as the district judge recognized his or her discretion to

depart downward from the applicable guideline range. *See United States v. Corrado*, 304 F.3d 593, 606 (6th Cir. 2002). Moreover, that restriction on this court's exercise of its jurisdiction continues even after the United States Supreme Court's landmark ruling in *United States v. Booker*, 543 U.S. 200 (2005). *See United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005) ("although the sentence departed from may be reviewed under *Booker*, we shall not review decisions of a district court not to depart downward unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure" (citations and internal quotation marks omitted)), *cert. denied*, 547 U.S. 1122 (2006).

Nevertheless, the defendant contends that he is not merely appealing the denial of a downward-departure request but, rather, is complaining about the district judge's misconception of the applicable law. Specifically, Cannady submits that the district court mistakenly believed that Uti was justified in "attacking" the defendant "all the way down the hall" even though Uti is a much larger individual than is Cannady and was, according to the jury's verdict, mistaken as to the person who poured the oil on him. The defendant further alleges legal error in the failure of the district court to consider all six factors listed in § 5K2.10.

Contrary to the defendant's assertions, however, the district judge did not misinterpret the guidelines and thereby condone an unjustified attack on the defendant. Instead, the district court found that Uti's actions were not those of an aggressor at all, but

were simply efforts to disarm an attacker. Indeed, an unbiased review of the trial testimony indicates that Uti, after being doused with boiling oil, rose to face his attacker but slipped and fell to the floor. At that time, prior to any indication that Uti sought physical retaliation, and before Uti was able to regain his balance and stand, Cannady began striking Uti with the metal rod, hitting him "six, seven times." That attack, preceding even the repeated swings and jabs of the mop handle that the defendant admitted performing as he backed down the prison hallway, was sufficient to justify the jury's verdict and clearly was in no way provoked by any conduct of the victim, whether misdirected or not. Because the district judge labored under no misconception of law in addressing the request for a § 5K2.10 departure, his decision in this regard was a matter of discretion that is not reviewable on appeal.

## CONCLUSION

The jury in this matter concluded that the defendant was the aggressor in the skirmish with Uti and perpetrated an assault upon the victim with a metal mop handle before the victim was even able to rise from the floor after slipping on hot oil. Under these circumstances, no conduct of the victim, wrongful or otherwise, could be construed as having "contributed significantly to provoking the offense behavior," and the district judge did not mistakenly conclude that an unjustified attack upon the defendant by the victim was legally permissible. Consequently, the district court acted within its discretion in determining whether a § 5K2.10 departure was appropriate under the facts presented.

Because the district judge explicitly recognized his authority to depart from the guideline range in proper circumstances, there is no basis on which to review the denial of the requested departure. We therefore DISMISS the appeal.

RYAN, Circuit Judge, concurring.    I concur in the court's judgment for the reasons stated in the first paragraph of Judge Daughtrey's opinion. There is settled precedent in this circuit that in an appeal challenging a district court's discretion-based refusal to grant a downward departure, we do not review the court's decision. See United States v. Corrado, 304 F.3d 593, 606 (6th Cir. 2002).

AVERN COHN, District Judge, concurring.  I concur in the result only.