NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0341n.06
Filed: June 17, 2008

No. 06-6457

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JAMES R. COPE, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GIBBONS and SUTTON, Circuit Judges; and ACKERMAN, District Judge.[*]

PER CURIAM. James Cope challenges the reasonableness of his 188-month prison sentence, which the district court issued after a *Booker* remand and which mirrors the sentence the district court originally imposed. We affirm.

I.

A jury found Cope guilty of attempting to manufacture and possessing with intent to distribute methamphetamine, *see* 21 U.S.C. §§ 846, 841(a)(1), possessing pseudoephedrine and other products used to manufacture methamphetamine, *see id*. §§ 841(c)(2), 843(a)(6), and being a felon

---

[*]The Honorable Harold A. Ackerman, Senior United States District Judge for the District of New Jersey, sitting by designation.

in possession of a firearm, *see* 18 U.S.C. § 922(g). Cope's guidelines range was 151–188 months, and the district court sentenced him at the top of the range.

We affirmed Cope's convictions on appeal but vacated his sentence based on *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Marshall*, 192 F. App'x 504, 512, 515 (6th Cir. Aug. 22, 2006). On remand, the district court recognized the advisory nature of the guidelines but still rejected Cope's request for a below-guidelines sentence. It then gave Cope the same 188-month sentence it had originally imposed.

II.

In challenging the reasonableness of his sentence, Cope does not take issue with any procedural component of the sentence—the district court's calculation of the guidelines sentence, its appreciation of the advisory nature of the guidelines or any other process-driven aspect of the sentence or sentencing hearing. He instead targets the "substantive reasonableness" of his sentence, *Gall v. United States*, 128 S. Ct. 586, 597 (2007), claiming it should have been shorter.

We apply abuse-of-discretion review to challenges to the length of a sentence. *See id.* at 594. And when the national views of the Sentencing Commission and the independent views of a district court judge align—as they do when the judge agrees that a guidelines sentence is appropriate—we grant this "double determination" a presumption of reasonableness. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc); *see also Rita v. United States*, 127 S. Ct.

2456, 2463 (2007). Cope has not rebutted the presumption here, much less shown that the district court otherwise abused its discretion in imposing this sentence.

The district court had ample bases for concluding that a 188-month sentence satisfied the factors listed in 18 U.S.C. § 3553(a). Cope had "a significant criminal history," including two prior felony drug convictions, and had been "involved in the illegal drug trade for a significant period of time." JA 68; *see* 18 U.S.C. § 3553(a)(1), (a)(2)(C). The court reasonably found it "even more disturbing" that Cope's criminal conduct involved both marijuana and methamphetamine, JA 68, noting that methamphetamine offenses are particularly "serious," JA 70; *see* 18 U.S.C. § 3553(a)(2)(A). Under these circumstances, the court reasonably determined that a "sentence either at the top or above the particular guideline range is necessary in order to deter others from engaging in such conduct," JA 70; *see* 18 U.S.C. § 3553(a)(2)(B), and reasonably determined that a within-guidelines sentence of 188 months was "sufficient but not greater than necessary to serve the statutory purposes," JA 71; *see* 18 U.S.C. § 3553(a).

In resisting this conclusion, Cope argues that two considerations mandate a below-guidelines sentence: (1) his prior military service in Vietnam and accompanying post-traumatic stress disorder; and (2) his acceptance of responsibility. As to the first point, the court observed that, "even individuals with [this] disorder[] have to take responsibility for their actions," JA 68, a stance that no guideline or precedent prevents a trial court from taking and a stance supported by the seriousness of these offenses. To the extent Cope also means to argue that he was entitled to a *departure* from the guidelines based upon his post-traumatic stress disorder, *see* U.S.S.G. § 5K2.13, we may not

review a district court's determination on this score when, as here, the district court appreciated its

discretion to grant the departure, *see United States v. Puckett*, 422 F.3d 340, 344–45 (6th Cir. 2005);

*see also United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006) ("*Puckett* . . . precludes our

review of that narrow determination of a denial of a Chapter 5 Guideline departure within the context

of the Guideline calculation.").

As to the second point, it is far from clear that Cope even sought a lower sentence on the

ground that he accepted responsibility for his crimes. He points to no place in the transcript where

he made any such argument. The record, at all events, provides little support for such a contention.

Cope at most said only that he was "sort of guilty," JA 64, and, even then, he made this statement

not so much to show *his* acceptance of responsibility but to attempt to reduce the relative culpability

of his co-defendant, *see id*. ("What I [did] wrong is undoable now. But making meth, I was never

guilty of making meth or nothing like that. But I was sort of guilty of some of these things. But the

girl behind m[y] back here, Tammy, if there's any way you could give her any relief whatsoever,

she's as innocent as heck of knowing anything about anything I had.").

In view of the wide berth we give district courts in weighing the "competing" sentencing

considerations, *see United States v. Grossman*, 513 F.3d 592, 596 (6th Cir. 2008), Cope's lengthy

criminal record and the presumption of reasonableness for a within-guidelines sentence, the court

did not abuse its discretion in imposing this sentence. On this record, "we simply cannot say that

[Cope's] special circumstances are special enough that, in light of § 3553(a), they *require* a sentence lower than the sentence the Guidelines provide." *Rita*, 127 S. Ct. at 2470 (emphasis added).

### III.

For these reasons, we affirm.