NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0477n.06
Filed: August 8, 2008

Case No. 07-1838

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE U.S. |
| v. | ) | DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF |
| SCOTT ASHLEY, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

BEFORE: BATCHELDER and GILMAN, Circuit Judges; ZOUHARY, District Judge.[*]

**ALICE M. BATCHELDER, Circuit Judge.** Defendant-Appellant, Scott Ashley ("Ashley"), appeals the sentence imposed by the district court, claiming that the court erred in refusing to exercise its discretionary authority to grant him a downward departure or downward variance when determining his sentence. For the following reasons, we AFFIRM the sentence.

## I. BACKGROUND

Ashley was charged in a superseding indictment with three counts of bank fraud, 18 U.S.C. § 1344; one count of wire fraud, 18 U.S.C. § 1343; and four counts of social security number fraud, 18 U.S.C. § 408. On the second day of his jury trial, Ashley pleaded guilty, without a plea agreement

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

with the government, to all charges. The government subsequently dismissed the wire fraud charge.

At his sentencing hearing, Ashley requested a downward departure or variance from the applicable sentencing guidelines range, which the parties agreed was fifty-one to sixty-three months. Ashley, who is deaf, argued that his deafness constitutes a circumstance not taken into account by the sentencing guidelines, entitling him to a downward departure pursuant to U.S.S.G. § 5K2.0. He also made several other requests on the basis of his deafness, including that the court make the following recommendations to the Bureau of Prisons ("BOP"): that Ashley be incarcerated at FCI Milan in order to be close to his family; that the BOP create a regional program for the deaf in the federal prison system; and that the BOP transfer other deaf inmates to Milan prison so that Ashley would not be the only deaf inmate there.

On May 16, 2007, the district court sentenced Ashley to fifty-six months in prison. The court did not depart downward or grant a downward variance, but did recommend that Ashley be placed at Milan with reasonable accommodations for his deafness, including a translator, and that he be placed with other deaf inmates. The court also ordered Ashley to pay restitution in the amount of $1,664,580 to the three banks that suffered loss because of his crimes.

Ashley timely appealed. He argues that the district court erred by refusing to exercise its discretion to grant him a downward departure or variance.

## II. ANALYSIS

### A. Denial of Ashley's request for downward departure

We will not review a district court's refusal to grant a downward departure unless the record reflects that the court was unaware of or did not understand its discretionary authority to make such a departure. *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005). "A district court need not

'explicitly state that it is aware of its discretionary authority to depart downward,'" *id.* at 346 (quoting *United States v. Lucas*, 357 F.3d 599, 609-610 (6th Cir. 2004)), and the appellate court should be reluctant to treat rulings that fail to make such affirmative statements as ambiguous, *United States v. Stewart*, 306 F.3d 295, 330 (6th Cir. 2002). This limitation on appellate review does not, however, change our ability to review the overall reasonableness of the sentence. *United States v. Madden*, 515 F.3d 601, 610 (6th Cir. 2008).

Ashley's argument that the district court may not have been aware of its discretionary authority to depart downward, is unavailing. Both parties addressed the issue of downward departure in their memoranda and arguments before the district court. When the court imposed its sentence, it explicitly stated that its decision was made based on all the factors in the record as well as the sentencing guidelines and 18 U.S.C. § 3553(a). We will not construe as ambiguous the district court's failure to explicitly state its discretionary authority to depart downward. *Puckett*, 422 F.3d at 345-46; *see also Stewart*, 306 F.3d at 330 ("[A]n appellate court should be reluctant to treat as ambiguous a ruling which does not affirmatively state that the judge knew he could depart downward but failed to do so.").

Accordingly, we lack jurisdiction to review the district court's decision not to depart downward.

### B. The reasonableness of the district court's sentence

Ashley also challenges both the procedural and substantive reasonableness of his sentence. He claims that the district court failed to state its reasons for denying his request for a variance, and that the court failed to account adequately for the effects of his deafness.

Although we cannot review the court's refusal to grant a Guidelines-based downward

departure, we review the district court's imposition of a sentence for reasonableness. *United States v. McBride*, 434 F.3d 470, 476-77 (6th Cir. 2007). A reasonableness review consists of both procedural and substantive components. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). For a sentence to be procedurally reasonable, the district court must not have committed any significant procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." *Id.* If a sentence is procedurally reasonable, we then review its substantive reasonableness under an abuse of discretion standard. *Id.* Sentences imposed within the applicable Guidelines range are presumptively reasonable. *United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008).

In this case, the district court's sentence was procedurally reasonable. While § 3553(a) requires a judge to state his reasons, "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). Here, the district court determined Ashley's sentence after thoroughly considering the evidence and the parties' arguments. The record demonstrates that the judge was fully aware of Ashley's physical disability and imposed a sentence that accounted for it. The law does not require the judge to write more extensively. *See Rita*, 127 S.Ct. at 2469 (holding that, when the record shows that the court considered the evidence and the arguments, procedural reasonableness does not require more than a brief statement in support sentencing).

Ashley's sentence is also substantively reasonable. His fifty-six month sentence is within the applicable Sentencing Guidelines range, and is therefore entitled to a presumption of

reasonableness. *Vowell*, 516 F.3d at 509. The record demonstrates that the district court considered the § 3553(a) factors after extensive argument, and based the sentence on an individualized assessment of Ashley's disability and needs. Furthermore, we have previously rejected the arguments that Ashley makes regarding the mitigating role that deafness should play in sentencing. *See United States v. Russell*, 156 F.3d 687, 694 (6th Cir. 1998) (rejecting a defendant's argument that his sentence should be reduced because of his deafness).

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.