NOT RECOMMENDED FOR PUBLICATION
File Name: 10a0437n.06

No. 08-3521

**FILED**

**Jul 19, 2010**

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

LUIS ACUNA,

     Defendant-Appellant.

                               /

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

OPINION

Before:     BOGGS and CLAY, Circuit Judges; and WISEMAN, District Judge.[*]

    **CLAY, Circuit Judge.** Defendant Luis Acuna appeals from a judgment entered by the district court sentencing Defendant to 140 months' imprisonment for one count of conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). On appeal, Defendant contends that his sentence is substantively unreasonable. For the reasons stated below, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

**A.     Factual Background**

    Prior to this case, Defendant Luis Acuna had been working with the Drug Enforcement Agency ("DEA") in Tucson, Arizona. During that time, a DEA agent from Columbus, Ohio

---

[*]The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

approached Defendant regarding Damon Thompson, an individual who was supplying drugs to a man named Anthony Whittaker. While working with the DEA, Defendant met a person named Ramero ("Ram") who was also working with the DEA. Sometime during his dealings with the DEA, Defendant began engaging in the illegal conduct that formed the basis for this case. Through his contact with Ram, Defendant met Whittaker and the other individuals involved in the instant offense.

This case arises from Defendant's involvement in supplying large quantities of marijuana to various individuals in Ohio, including Whittaker. Whittaker's average transaction with Defendant was between 200 and 300 pounds of marijuana and deliveries occurred as often as twice per month. On several occasions, Whittaker also made arrangements to pick up marijuana from Defendant in Atlanta, Georgia for distribution in Ohio.

From June to August of 2005, Defendant used Meredith Baggott as a drug courier. Baggott made six trips to transport loads of marijuana, about 300 to 400 pounds each time, from Tucson to Columbus and Atlanta. Defendant also conspired with Whittaker and other individuals to launder the proceeds.

B.      **Procedural History**

On March 28, 2007, Defendant was indicted for various counts of narcotics trafficking, conspiracy, unlawful use of a communication facility, and money laundering. On November 16, 2007, a superseding information was filed against Defendant charging him with one count of conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and one count of conspiracy to commit money laundering, in

violation of 18 U.S.C. § 1956(h).[1]  Defendant pled guilty to both counts and, as part of his plea, agreed to cooperate with authorities.

A presentence report was prepared that determined that Defendant's conduct resulted in a base offense level of 32.  Defendant received a two-level enhancement because he had a supervisory role in the offense and a two-level enhancement because of his money laundering offense, pursuant to USSG § 2S1.1(b)(2)(B).  In addition, Defendant received a three-level reduction for acceptance of responsibility, which resulted in a total offense level of 33.  Defendant's total offense level, combined with his ten criminal history points that established a criminal history category of V, resulted in a guidelines range of 210-262 months' imprisonment.

Defendant filed one objection to the presentence report, arguing that his criminal history category overrepresented the seriousness of his criminal history and his likelihood to reoffend.  Specifically, Defendant pointed to one of his prior offenses—re-entry into the United States after deportation—and argued that he would not have been permitted to re-enter the country without government intervention, *i.e.*, his cooperation with the DEA.  The government did not oppose Defendant's objection and also filed a USSG § 5K1.1 motion for a downward departure due to substantial assistance, recommending a three-level downward departure for a total offense level of 30.

---

[1]The indictment originally charged Defendant under the name "Jose Quintana Aponte," but after his arrest, authorities confirmed that Defendant's name is Luis Acuna and that Aponte was an alias.  The parties subsequently filed a joint motion to amend the indictment and add the name Luis Acuna to the case caption.

At the sentencing hearing, the district court sustained Defendant's objection to the presentence report, which resulted in a total offense level of 33 and a criminal history category of IV for a guidelines range of 188 to 235 months' imprisonment. The district court also granted the government's USSG § 5K1.1 motion, reducing Defendant's offense level to 30, which resulted in a guidelines range of 135 to 168 months. The district court sentenced Defendant to 140 months' imprisonment on each count, to be served concurrently. Defendant appeals.

## II. DISCUSSION

### A. Standard of Review

We review Defendant's sentence "under a deferential abuse-of-discretion standard" for reasonableness. *United States v. Alexander*, 543 F.3d 819, 821 (6th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)) (internal quotation marks omitted). The reasonableness determination has both procedural and substantive components. *United States v. Sedore*, 512 F.3d 819, 822 (6th Cir. 2008). The Court reviews the district court's belief regarding its authority to depart downward *de novo*. *United States v. Williams*, 355 F.3d 893, 901 (6th Cir. 2003).

### B. Analysis

In this case, Defendant does not allege that his sentence is procedurally unreasonable nor does the record indicate a procedural error by the district court. Instead, Defendant frames this appeal as one regarding the substantive reasonableness of his sentence.

A sentence may be substantively unreasonable where the district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent [18 U.S.C.] § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor." *United*

*States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005). Defendant argues that the district court "stated

ten years was appropriate and gave [Defendant] twelve." (Appellant's Br. 13.) This argument seems

to refer to the following statement during sentencing:

> I need to provide a sentence that avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. And, Mr. Acuna, you fall at the upper level of people who appear before me on these types of drug dealing or marijuana dealing cases with the amount of relevant conduct that is involved here.
> I would have had some problems with the government had they filed some type of motion that would get you beyond, below, the ten-year minimum mandatory, to be honest with you. I might as well just be as frank as I can. I don't believe that your conduct is such that would warrant something less than the ten-year minimum mandatory. And I guess, as a credit to the government, they didn't try to do that even with regard to the assistance you've provided.
> And don't get me wrong. I know that you have a lot of information that can be helpful to not only the authorities here in Central Ohio, in the Southern District of Ohio, but also, more importantly, probably in Arizona, and you got credit for that. I'm going to give you credit for that, and you deserve it, but I don't believe that you deserve a sentence that would be below the minimum mandatory, and any sentence below the minimum mandatory would, I believe, be an unwarranted sentencing disparity in this case.

(Sentencing Tr. 19-20.)

However, this statement by the district court does not suggest that a ten-year sentence would

be more appropriate than the sentence imposed on Defendant, and defense counsel even

acknowledged that it was clear the district court thought "that a ten-year mandatory minimum

sentence, or anything less, would be inappropriate." (Sentencing Tr. 21.) Moreover, as the record

makes clear, the district court properly considered the pertinent 18 U.S.C. § 3553(a) factors. Thus,

Defendant's sentence is not substantively unreasonable.

Defendant's actual argument on appeal seems to be that the district court did not depart

downward far enough during sentencing. A district court can depart downward from the guidelines,

but we will not review a district court decision concerning the extent of a downward departure "unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure." *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005) (quoting *United States v. Stewart*, 306 F.3d 295, 329 (6th Cir. 2002)) (internal quotation marks omitted).

In this case, the district court clearly recognized its discretion to depart downward as evidenced by the fact that the court granted Defendant a three-level downward departure. Therefore, the district court not only acknowledged its discretion to depart downward but exercised its authority to do so. Moreover, the district court recognized its discretion to depart downward further but opted to deny Defendant's request for an additional one-level downward departure.

Having recognized its discretion, the district court's decision is only reviewable if: "(1) the sentence was imposed in violation of the law; (2) it was imposed as a result of an incorrect application of the guidelines; (3) the sentence represented an upward departure; or (4) the sentence was imposed for 'an offense for which there is no [S]entencing [G]uideline and is plainly unreasonable.'" *Puckett*, 422 F.3d at 346 (quoting 18 U.S.C. § 3742(a)) (alterations in original).

None of the § 3742(a) exceptions apply here. Acuna does not challenge the application of the sentencing guidelines to his sentence or allege that his sentence "was imposed in violation of the law." The district court did not sentence Acuna to a length of time above his applicable guidelines range and the criminal activity charged in the indictment falls within the sentencing guidelines. The district court's decision regarding departure is therefore not reviewable on appeal. Accordingly, because the district court's decision regarding further downward departure is not reviewable on

appeal and because Defendant's sentence is not substantively unreasonable, we affirm the district court's decision.

## III. CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's decision.