**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0022n.06

**No. 08-2577**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jan 10, 2011**
LEONARD GREEN, Clerk

| | |
|---|---|
| United States of America, ) | |
| ) | ON APPEAL FROM THE |
| Plaintiff-Appellee ) | UNITED STATES DISTRICT |
| ) | COURT FOR THE EASTERN |
| v. ) | DISTRICT OF MICHIGAN |
| ) | |
| Al D. Bailey, ) | |
| ) | **O P I N I O N** |
| Defendant-Appellant. ) | |
| ) | |

**BEFORE:** **MOORE, GIBBONS, & McKEAGUE, Circuit Judges.**

**PER CURIAM.** Defendant-Appellant Al Bailey appeals from his conviction for being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). Specifically, he challenges the district court's denial of his motion to suppress material evidence and statements obtained during the traffic stop and search that led to his arrest. Prior to trial, the district court held two days of hearings on the suppression motion, which it ultimately granted in part and denied in part. It held that the officers had probable cause to stop the vehicle that Bailey was driving; that the officers had probable cause to search the vehicle—including the trunk; and that the first statement made by Bailey, regarding his ownership of the gun found in the trunk, was freely volunteered and therefore admissible despite the fact he had not yet been given *Miranda* warnings. Bailey challenges each of these conclusions on appeal. We have considered the parties' arguments and the record of the proceedings below, and we find no error.

The district court found that the testimony of the officers was credible, but that the defendant was not. The district court is in the best position to judge the credibility of witnesses, and this Court accords substantial deference to its credibility determinations. *United States v. Foster*, 376 F.3d 577, 584 (6th Cir. 2004) (internal citations omitted). The officers testified that they initiated the traffic stop because the defendant was speeding, failed to signal when he turned, failed to stop at a stop sign, and had illegally tinted windows. It is well-settled that a traffic stop is proper "so long as the officer has probable cause to believe that a traffic violation has occurred or was occurring," *United States v. Palomino*, 100 F.3d 446, 448 (6th Cir. 1996), and therefore the defendant's violations were more than sufficient probable cause to initiate a stop. *See also United States v. Puckett*, 422 F.3d 340 (6th Cir. 2005).

Furthermore, both officers smelled marijuana upon approaching the vehicle. "This court has held that an officer's detection of the smell of marijuana in an automobile can by itself establish probable cause for a search." *United States v. Elkins*, 300 F.3d 638, 659 (6th Cir. 2002); *Puckett*, 422 F.3d at 343; *Foster*, 376 F.3d at 588. That the officers smelled marijuana is not challenged; indeed, defendant confirmed during his suppression hearing testimony that they had smoked marijuana prior to driving that day, and the smell could have been on someone's clothes. (R.E. 52, Suppression Hrg. Tr., Bailey at 161, 167.) Then, upon beginning a search of the vehicle, marijuana was found on the floorboard of the car on the driver's side. "Under the automobile exception to the warrant requirement, law enforcement officers may search a readily mobile vehicle without a warrant if they have probable cause to believe that the vehicle contains evidence of a crime." *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998) (citing *United States v. Ross*, 456 U.S. 798, 799 (1982)).

The strong odor of marijuana and the amount of marijuana found on the floorboard provided more than enough probable cause to justify a search of the entire vehicle, including the trunk. *See California v. Acevedo*, 500 U.S. 565, 570 (1991) (recognizing *Ross* as allowing a " 'probing search' of compartments and containers within the automobile so long as the search is supported by probable cause," including the trunk); *United States v. Burnett*, 791 F.2d 64, 67 (6th Cir. 1986) (holding that when a small bag of marijuana was found on the floor of the car, the officer "had every right to search the passenger area of the car, the trunk, and any and all containers which might conceal contraband"); *United States v. Mans*, 999 F.2d 966 (6th Cir. 1993) (holding that a marijuana cigarette and a sum of cash provided probable cause to search the trunk of a car).

Lastly, by the time Officer McDonald was concluding his search, defendant and his passengers had been taken into custody, but had not yet been read their *Miranda* rights. However, no questions had been asked of any of them. When Officer McDonald found the gun in the trunk, he announced it to his partner by simply stating, "Gun." Both officers testified this was standard practice when doing such a search or arrest, and that it was a "safety issue." (R.E. 51, Tr. of Hrg. on Mot. to Suppress, at 55.) Without questions or even statements being directed toward him, Bailey volunteered the response, "You know how it is out here, I got shot before, that's for my protection." (*Id*. at 82.) The district court found that Officer McDonald's announcement was simply a declaration commonly used and for the purpose of alerting the other officer. It held that Bailey's statement was not the product of custodial interrogation, because the statement was not made in response to questions.

The procedural safeguards outlined in *Miranda* apply only to suspects subject to "custodial interrogation," defined as "questioning initiated by law enforcement officers." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected" by *Miranda*. *Id.* at 478. Bailey's statement was simply volunteered, and thus the protections of *Miranda* do not apply. *Cf. United States v. Montano*, 613 F.2d 147, 149 (6th Cir. 1980) (holding that when the agents were "discussing among themselves" what to do, and the defendant made a statement taking blame, the statements were "volunteered" and "[did] not fall within the purview of the Miranda guidelines"); *cf. Raedeke v. Trombley*, No. 08-1407, 2009 WL 751096, at *5 (6th Cir. Mar. 23, 2009) (holding that a defendant's response to the officer's statement, "You are under arrest, you know what you are under arrest for," was admissible, because the officer's comment "was an affirmative statement not intended to elicit a response"). Because Bailey made the comment about the gun without being questioned, the statement was admissible and the motion to suppress was properly denied.

Accordingly, the district court's denial of the motion to suppress is **AFFIRMED.**