NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0328n.06
Filed: June 10, 2008

No. 07-3173

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DEANGELO MAPP, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

Before: BOGGS, Chief Judge; MARTIN and SILER, Circuit Judges.

PER CURIAM. Deangelo Mapp appeals his sentence of 24 months' imprisonment imposed after he pleaded guilty to a single count of bank fraud in violation of 18 U.S.C. §§ 1344 and 2. He argues that the district court erred by (1) failing to find that his criminal history category ("CHC") over-represented his past criminal conduct, (2) denying his request for a downward departure, (3) denying his request for a downward variance, and (4) refusing to reduce his offense level for his allegedly minor role in the offense. The United States claims that this appeal is barred by a waiver provision in the plea agreement. We AFFIRM. In doing so, we find it unnecessary to express an opinion on the validity of the appeal waiver provision because Mapp's arguments are patently without merit.

1

**BACKGROUND**

Jacqueline West, Melvin West, Gwen Mapp, and Deangelo Mapp defrauded Key Bank and obtained moneys under the custody and control of Key Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses and representations. As a processor in the Trust Department, it was Jacqueline West's duty to issue checks as directed by the trustees. When a check needed to be reissued, West would issue the check to one of her relatives involved in the scheme, Melvin West (husband), Gwen Mapp (sister), and Deangelo Mapp (brother-in-law), instead of reissuing it to the intended recipient. To conceal the scheme, Jacqueline West created fictitious work orders indicating that the check needed to be reissued to one of her relatives. The Wests and the Mapps fraudulently cashed eight checks, causing Key Bank to suffer a total loss of $101,689.99. Deangelo Mapp cashed one check for $35,042.47.

All four of the participants in the scheme were indicted and Deangelo Mapp pleaded guilty to a single count of bank fraud in violation of 18 U.S.C. §§ 1344 and 2. His base offense level was 6, pursuant to USSG § 2B1.1, but was increased by 6 levels because he caused a loss greater than $30,000, pursuant to USSG § 2B1.1(b)(1)(D), and his offense level was reduced by 2 levels because he accepted responsibility, pursuant to USSG § 3E1.1(a). He had 21 criminal history points, but only 19 points could be counted because only four of his six convictions for minor offenses were countable under USSG § 4A1.1(c). With an offense level of 10 and a CHC of VI, Mapp's Guidelines range was 24-30 months' imprisonment.

Mapp filed a sentencing memorandum objecting to his presentence report. He argued that he was entitled to a downward departure or variance because his CHC over-represented his criminal history and likelihood of recidivism. He argued that his Guidelines range of 24-30 months'

imprisonment was unreasonable because other participants in the scheme received lighter sentences. The district court rejected his arguments and sentenced him to 24 months' imprisonment, the bottom of his Guidelines range, three years of supervised release, and restitution in the amount of $35,042.47 to Key Bank.

**ANALYSIS**

*Over-representation of Criminal History Claim*

USSG § 4A1.3 states that "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." Mapp contends that the district court should have found that his CHC substantially over-represented the likelihood that he will commit other crimes and it should have granted him a downward departure based on that finding. We find this argument wholly without merit.

Mapp's extensive criminal history spans three decades and encompasses very serious offenses, including drug trafficking, carrying a concealed weapon with violence specification, assault, and resisting arrest. He tested positive for cocaine and marijuana in 2006 and he failed to appear for later drug tests. He was on probation for a state offense when he participated in the scheme to defraud Key Bank. His argument that his criminal history is over-represented because many of his offenses were resolved on the same day has no merit. The reason that so many of his offenses were resolved on the same day is that he failed to appear in court for the many offenses he committed in 1992 and 1993, including drug trafficking and carrying a concealed weapon with violence specification, and he was not apprehended until 1994. Once he was apprehended, he

3

pleaded guilty or nolo contendre to all of the charges on the same day and he served six years in prison before being paroled in 2000.

### *Refusal to Grant a Downward Departure*

Mapp argues that the district court erred by refusing to grant him a downward departure at sentencing. He argued that he was entitled to a downward departure because his father left his family when he was in the third grade and because most of his crimes involved drugs. However, "we shall not review decisions of a district court not to depart downward unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure." *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005). Here, the district court was clearly aware of and understood its discretion to make a downward departure. The district court exhaustively discussed the § 3553(a) factors, the relevant *Booker* considerations, and the advisory nature of the Guidelines.

### *Refusal to Grant a Variance*

Mapp argues that the district court should have granted him a variance because the other participants in the scheme received lighter sentences. We review the district court's sentencing determination for reasonableness. *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007). The reasonableness of a sentence is reviewed under a "deferential abuse-of-discretion standard" in light of the "uniqueness of the individual case." *Gall v. United States*, 128 S.Ct. 586, 598 (2007). Mapp's variance argument essentially challenges the substantive reasonableness of his sentence. Regarding the substantive reasonableness inquiry, we have applied a rebuttable presumption of reasonableness to sentences falling within the applicable Guidelines range. *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007).

Mapp's sentence was reasonable and the district court did not err by refusing to grant a downward variance. He received a harsher sentence than his co-defendants because he had a higher CHC. Jacqueline West, who Mapp claims masterminded the scheme, was sentenced to 12 months plus one day of imprisonment, three years of supervised release, and $101,689.93 in restitution. Gwen Mapp received five months' imprisonment, three years of supervised release, and $101,689.93 in restitution. Melvin West, who cashed one check for $371, received a sentence of one day in custody, three years of supervised release, and $371 in restitution. Jacqueline West had a CHC of I and Gwen Mapp had a CHC of III. Melvin West cashed one check for $371 while Mapp cashed one check for $35,042.47, causing Key Bank a much greater loss. The district court properly discussed and considered the § 3553(a) factors and the advisory nature of the Guidelines.

### Refusal to Grant a Reduction for Minor Role in the Offense

Mapp argues that the district court erred by failing to reduce his offense level based on his allegedly minor role in the offense. However, he failed to raise this argument before the district court. Therefore, it is waived. *Union Planters Nat'l Bank of Memphis v. Commercial Credit Bus. Loans*, 651 F.2d 1174, 1187 (6th Cir. 1981) ("It is axiomatic that an issue not presented to the trial court cannot be raised for the first time on appeal").

AFFIRMED.