NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0626n.06

No. 08-5247

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Sep 28, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| LUCAS L. BROWN, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |

BEFORE: NORRIS, MOORE and McKEAGUE, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Lucas Brown pleaded guilty to three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and of knowingly possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). The presentence investigation report ("PSR") recommended that Brown be sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines because he had two prior convictions for felony drug offenses. Brown moved for a downward departure from the career offender guideline range, arguing that the prior convictions overstated his past criminal conduct because those offenses involved only small amounts of drugs and resulted in probation.

After hearing Brown's arguments in support of his position that his prior convictions overstated his criminal history, the district court determined that the PSR properly classified Brown as a career offender. The district court acknowledged that it had discretion to impose a sentence outside the career offender guideline range but declined to do so in this case because it found that Brown had not demonstrated that he could lead a "law-abiding life." As grounds for denying Brown's motion, the district court observed that the career offender provision was promulgated in part to predict the likelihood of recidivism, and–stating that such likelihood "is not all that great" in cases where a defendant has not violated the law for a lengthy period–found that Brown had not gone for any substantial period of his adult life without breaking the law. The district court further observed that many of Brown's infractions involved drugs or guns, or both.

Noting that it had considered the statutory sentencing factors required by 18 U.S.C. §3553(a), the district court sentenced Brown to 322 months of imprisonment, the lowest end of the guidelines range. In determining Brown's sentence, the district court concluded that the PSR correctly calculated the applicable guideline range as 322 to 387 months of imprisonment based upon an adjusted offense level of 27 and a criminal history category of VI.

On appeal, Brown challenges the reasonableness his sentence. We review a sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Reasonableness review has both a procedural and substantive component. *Id.* Here, Brown challenges only the substantive reasonableness of his sentence.

In reviewing a sentence for substantive reasonableness, we normally must consider "the totality of circumstances," and accord 'due deference' to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors." *United States v. Bolds*, 511 F.3d 568, 581

- 2 -

(6th Cir. 2007) (quoting *Gall*). Moreover, a district court sentence that falls within a properly calculated guideline's range may be afforded a presumption of reasonableness. *Gall*, 522 U.S. at 51.

However, the statute governing criminal appeals, 18 U.S.C. § 3742(a), does not recognize as a ground for appeal a claim that the district court abused its discretion in refusing to depart from the applicable guideline range unless the sentencing determination "rested on [the district court's] mistaken belief that it lacked the legal power to grant a departure." *United States v. Ruiz*, 536 U.S. 622, 627 (2002); *see also United States v. Puckett*, 422 F.3d 340, 344-46 (6th Cir. 2005) (noting that denial of downward departure is not reviewable on appeal unless district court was unaware of or did not understand its discretion to make such departure); *United States v. Mapp*, 311 F. App'x 738, 740 (6th Cir. 2008) (noting same, post-*Gall*).

In Brown's view, the career offender guideline range should not apply because the two predicate felony convictions over-represent the seriousness of his criminal history in that both crimes involved only small amounts of drugs and resulted in probation. He points out that the first predicate offense was a drug trafficking conviction involving less than one-half of a gram of crack cocaine. Although he was sentenced to six years of imprisonment, the sentence was suspended and he was placed on probation. The second predicate offense was a drug trafficking conviction involving forty-two grams of marijuana. That conviction resulted in a one-year prison sentence, which was also suspended to probation.

Although Brown attempts to characterize the issue on appeal as whether the district court accorded too much weight to a single § 3553(a) factor in selecting a sentence that was sufficient but not greater than necessary to comply with the purposes of the sentencing statute, the substance of his challenge is appropriately characterized as whether the district court erred in declining to depart from

the career offender guidelines.  Thus, under *Ruiz*, we must determine whether we have statutory jurisdiction to consider his appeal.  We conclude that we do not.

The district court correctly determined that Brown was subject to the career offender guideline range.  The record clearly demonstrates that the district court recognized its authority to impose a sentence below the applicable guideline range but elected not to exercise that authority based upon its finding that the circumstances of the case did not warrant doing so.  We therefore lack jurisdiction to review the district court's denial of such departure.

The judgment is **affirmed**.

**KAREN NELSON MOORE, Circuit Judge, dissenting.** The defendant-appellant's brief presents the issue on appeal whether the district court's sentence was substantively unreasonable in its length in light of the relevant facts and 18 U.S.C. § 3553(a). This is a typical post-*Booker* substantive-reasonableness question over which we have jurisdiction, completely distinct from the departure issue addressed by the majority. *See, e.g.*, *United States v. McBride*, 434 F.3d 470, 474–77 (6th Cir. 2006). Therefore, I respectfully dissent.