**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3213
_____

UNITED STATES OF AMERICA

v.

ZACHARAE LOWE
a/k/a
SP

Zacharae Lowe,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-13-cr-00102-004)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 4, 2015

Before: RENDELL, HARDIMAN, and VANASKIE, *Circuit Judges*.

(Filed: August 19, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

VANASKIE, *Circuit Judge.*

After Zacharae Lowe pleaded guilty to conspiring to distribute heroin, the District Court classified him as a career offender and sentenced him to a term of imprisonment of 151 months. Lowe now contends that the District Court did not appreciate its authority to depart from the Sentencing Guidelines and ultimately imposed an unreasonable sentence. For the reasons that follow, we will affirm the judgment of sentence.

I.

In May 2013, a grand jury sitting in the Middle District of Pennsylvania returned a 15-count indictment charging Lowe and nine others with a host of drug trafficking and firearms offenses. Five months later, pursuant to a written plea agreement, Lowe pleaded guilty to a single count of conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Following the plea hearing, the United States Probation Office conducted an investigation and prepared a Presentence Report ("PSR") detailing Lowe's offense conduct, his criminal history and personal characteristics, and the sentencing options available to the District Court. Pertinent to this appeal, the PSR concluded that Lowe qualified as a career offender pursuant to U.S.S.G. § 4B1.1 due to his prior felony convictions.[1] This finding was based on two Pennsylvania state court convictions. The

---

[1] Section 4B1.1(a) of the Sentencing Guidelines provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a

first conviction occurred in 2004 for an arrest in 2003 during which law enforcement officers found a substantial quantity of heroin, cocaine, and marijuana in a vehicle driven by Lowe. The second conviction occurred in 2011 for an arrest in 2008, shortly after Lowe was paroled on his 2004 conviction. Once again, Lowe was found to be in possession of substantial amounts of cocaine and heroin.

As a result of his career-offender classification, Lowe's offense level was 34 and his criminal history category was VI. After applying a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E.1.1(a) and (b), the PSR calculated an advisory Guidelines range of 188 to 235 months' imprisonment. The PSR also noted that had Lowe not qualified as a career offender, his offense level would have been 25 and his criminal history category IV. Under these circumstances, Lowe would have faced a range of 84 to 105 months.

Lowe subsequently filed written objections to the PSR. Although he did not challenge its Guidelines calculations or his classification as a career offender, Lowe objected to the PSR's conclusion that there were no factors present that would warrant a departure from the Guidelines or a variance, i.e., a sentence outside the Guidelines range. Lowe indicated that he would move at sentencing for a departure under U.S.S.G. § 5K2.0 due to his age, family ties, background, and the collateral consequences of his

---

> controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

conviction.[2]  Lowe also stated that he would request a variance on the same grounds.  The

Government did not object to the PSR.

The week before his sentencing hearing, Lowe filed a sentencing memorandum to

"submit[] mitigating factors in the spirit of 18 U.S.C. §3553(a), so the court might

consider a downward departure or variance to a lesser sentence than otherwise called for

by strict application of the [Guidelines]."  Defendant's Memorandum in Aid of

Sentencing at 1, *United States v. Lowe*, No. 3:13-cr-00102-003 (M.D. Pa. June 16, 2014),

ECF No. 343.  Lowe's memorandum did not address the issues previously noted in his

objections to the PSR; instead, he argued that his classification as a career offender

overstated his true criminal history.  Lowe alternatively phrased this argument as a

request for a variance, a bid for a departure under U.S.S.G. § 4A1.3,[3] a discussion of

---

[2] Guideline 5K2.0 permits a sentencing court to depart from the applicable
advisory Guidelines range based on offense or offender characteristics of a kind, or to a
degree, not adequately taken into consideration by the Sentencing Commission in
determining the range.  *See* U.S.S.G. § 5K2.0, cmt. n.2(A).

[3] Section 4A1.3(b) provides that "[i]f reliable information indicates that the
defendant's criminal history category substantially over-represents the seriousness of the
defendant's criminal history or the likelihood that the defendant will commit other
crimes, a downward departure may be warranted."  U.S.S.G. § 4A1.3(b)(1).  Where the
defendant is classified as a career offender, such downward departure may not exceed
one criminal history category.  *Id.* at § 4A1.3(b)(3)(A).

Confusingly, Lowe's sentencing memorandum recognizes this limitation
immediately before requesting that the District Court grant a departure reducing his
criminal history category by one and his offense level by six.  Defendant's Memorandum
at 4 ("Because of this drastic and arbitrary outcome based upon career offender status, it
is submitted the Court should being [sic] with an Offense Level of 25 and Criminal
History Category of V and that any additional departures or variances should begin from
this range.").  As noted *infra*, Part III.A., Lowe did not reference § 4A1.3(b) at sentencing

4

certain § 3553(a) factors, and a plea for the District Court to ignore the career offender provision entirely. *See, e.g.*, *id.* at 10 (stating that "this Honorable Court should reject the career offender guideline, sentence Mr. Lowe outside the advisory guideline system and impose a sentence as if Mr. Lowe were not a career offender").

At the sentencing hearing held on June 24, 2014, the District Court noted that it had reviewed Lowe's filings and began by addressing the two issues raised in his written objections to the PSR. With respect to the first issue, the District Court declined to grant a departure under U.S.S.G. § 5K2.0 due to Lowe's personal characteristics, but it indicated that Lowe remained free to address those characteristics when arguing for a variance. Turning to the second issue, the District Court explained that it did not consider Lowe's claim that certain factors may warrant a variance in this case to be an "objection" to the PSR. Again, the Court informed Lowe that he could raise these arguments later in the proceeding.

Lowe also requested that the Court grant a departure under U.S.S.G. § 5K1.1 on the ground that he had cooperated with investigators pursuant to the terms of his plea agreement.[4] The Government responded that it was not moving for a departure under § 5K1.1 because Lowe had failed to provide complete and truthful information to investigators, which was required under the terms of the agreement. The Government

---

or move for a departure under this provision; rather, he phrased his arguments during the hearing as a request for a variance.

[4] Section 5K1.1 provides, in pertinent part, that "*[u]pon motion of the government* stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1 (emphasis added).

noted that Lowe had failed a polygraph examination and refused to disclose certain information relating to a state investigation. The District Court denied Lowe's request, emphasizing that the Government had not moved for such a departure and that Lowe was not entitled to one given his conduct and the express terms of the plea agreement.

Thereafter, the Government requested a two-level downward variance under 18 U.S.C. § 3553(a)(6) to avoid any unwarranted sentencing disparity between Lowe and a co-defendant who had also pleaded guilty. The District Court granted the request and determined that with the adjusted offense level of 29, Lowe faced a lower advisory Guidelines range of 151 to 188 months.

The District Court then provided Lowe's counsel the chance to raise any additional arguments before the imposition of sentence. Counsel emphasized, among other things, Lowe's difficult upbringing and family life, his struggles with drugs and alcohol, and his purported "street-level" involvement in the current conspiracy. Lastly, Lowe's counsel noted that he "file[d] a memorandum asking the Court to *vary* from the career offender area," App. at 104 (emphasis added), and reiterated his contention that the career-offender classification overstated Lowe's actual criminal history. Counsel stressed the "big disparity" between the range Lowe faced with and without the classification, and ultimately requested the Court impose a sentence of approximately ten years. App. at 105–06.

After permitting Lowe to allocute and hearing from the Government, the District Court adopted the PSR and sentenced Lowe to a term of imprisonment of 151 months. In explaining its decision, the Court addressed each of the § 3553(a) factors and repeatedly

6

referenced Lowe's serious criminal record. Lowe did not object to the District Court's

sentencing procedures or its consideration of his arguments regarding his career-offender

classification. This appeal followed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate

jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the

procedural and substantive reasonableness of the District Court's sentence for abuse of

discretion. *United States v. Maurer*, 639 F.3d 72, 77 (3d Cir. 2011).[5] The party

challenging the sentence bears the burden of demonstrating unreasonableness. *United

States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

## III.

## A.

Under U.S.S.G. § 4A1.3(b), a district court may depart downward by one criminal

history category if the defendant's career-offender status substantially over-represents the

seriousness of his criminal history or the likelihood that he will commit other crimes. *Id.*

at § 4A1.3(b)(1), (3)(A). We cannot review a district court's refusal to grant a departure

under this provision "'unless the record reflects that the district court was not aware of or

did not understand its discretion to make such a departure.'" *United States v. Grier*, 585

---

[5] In *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc), we held that a party wishing to take an appeal based on a procedural error at sentencing must contemporaneously object to avoid plain error review on appeal. Because this holding does not apply retroactively to defendants, like Lowe, who were sentenced before the decision was issued, *id.* at 258 n.7, we apply the abuse of discretion standard in this case even though Lowe did not raise his procedural challenge at sentencing.

F.3d 138, 141 (3d Cir. 2009) (quoting *United States v. Puckett*, 422 F.3d 340, 344–45 (6th Cir. 2005)).

On appeal, Lowe maintains that the District Court did not appreciate its authority to depart under § 4A1.3(b). The record belies Lowe's assertion.

The District Court emphatically rejected the premise of Lowe's current claim that he was entitled to a departure under § 4A1.3(b)—i.e., that his classification as a career offender overstated his true criminal history category. Lowe pressed this point at sentencing when arguing for a downward variance. *See* App. at 104 ("I did file a memorandum asking the Court to *vary* from the career offender area . . . ." (emphasis added)). As evidenced by its statements at sentencing, the District Court clearly recognized the heightened advisory Guidelines range that Lowe faced as a result of his career-offender classification and clearly understood its authority to depart on the ground that his career-offender status over-represented the seriousness of his criminal history. *See* App. at 154 ("The collateral consequences of his conviction, including the fact that he goes from a criminal history category of 4 to 6, based upon the fact that he is listed as a career offender, is, again, the consequences of the acts he has committed and not anything else."). The Court stressed Lowe's status as a repeat offender. *See, e.g.*, App. at 115 ("Well, is this the first time he's been here? Is this, he got into the wrong crowd and didn't do it? The answer to that is, no."); App. at 117 ("One of the things I'm supposed to consider is how do I protect society from people who continually go out and commit crimes? Again, that's a factor that doesn't weigh in your favor. It doesn't."). The

District Court further emphasized Lowe's penchant for reoffending soon after being released from custody:

> You know, the offense that you were convicted of and went to jail in 2004, when you got out of that offense, your parole was violated for more drug offenses. Not like getting a legitimate job and I will start the right way, and I'm going to do the right thing and give it a shot. You were almost immediately violated, went back to jail, and then got convicted of another drug offense.
>
> So what happens when you get out from that drug offense? This drug offense. The only difference is that you have now moved from the State Court system into the Federal system.

App. at 115–16.

The District Court's observations preclude a finding that Lowe's career-offender status over-represented his criminal history. On the contrary, the District Court's statements reflect a determination that Lowe's record warranted the career-offender designation. We discern no abuse of discretion here.

B.

Lowe also contends that his 151-month sentence was unreasonable, but our independent review of the record reveals no error. In evaluating Lowe's sentence, we first examine the record for significant procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007). Here, the District Court properly calculated the advisory Guidelines range, ruled on the parties' departure motions and variance requests,

addressed all of the § 3553(a) factors, and explained its reasoning during the course of a thorough sentencing hearing. In short, the sentencing proceedings were proper.

Where, as here, the District Court did not commit procedural error, we consider the substantive reasonableness of its sentence. *Id.* The District Court "must demonstrate that it reasonably applied [the § 3553(a)] factors to the circumstances of the case." *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007). Our review is "highly deferential," *id.*, and we will affirm "unless no reasonable sentencing court would have imposed the same sentence . . . ." *Tomko*, 562 F.3d at 568.

We need not fully reiterate the ample facts supporting the District Court's sentence in this case. Lowe has repeatedly returned to the commission of drug trafficking offenses despite significant periods of incarceration. Recognizing the severity of the punishment Lowe faced as a result of his career-offender classification and the mitigation arguments pressed by his counsel, the District Court imposed a sentence of 151 months, 37 months below the bottom of the otherwise applicable advisory Guidelines range. We conclude that this sentence was substantively reasonable under the circumstances.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.