NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0096n.06

No. 17-3260

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 28, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| WADE MITCHELL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

OPINION

BEFORE:     BOGGS, CLAY, and KETHLEDGE, Circuit Judges.

BOGGS, Circuit Judge.   This is an appeal of a within-guidelines sentence imposed following Mitchell's guilty plea to one count of conspiracy to distribute 500 grams or more of cocaine and one count of attempting to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and § 846.  The district court properly concluded that Mitchell qualified for the career-offender sentencing enhancement under USSG § 4B1.1 and it did not abuse its discretion by declining to depart downward or vary from the resulting guidelines range.  Thus, we affirm the district court's sentence.

**I.**

**A.  Factual Background**

In April 2016, a United States Postal Service Inspector intercepted two parcels bound for Cleveland, suspecting them to contain narcotics.  A narcotics canine performed sniff tests, and

the dog alerted to both parcels. After obtaining search warrants for the packages, the postal inspectors and the Cleveland police discovered approximately one kilogram of cocaine in each package. The Postal Inspector Service, Cleveland Police Department, and the Lake County Narcotics Agency performed controlled deliveries on April 22, 2016. Mitchell personally accepted one of the packages at a residence in Wickliffe, Ohio, before traveling with the package to Cleveland, Ohio. Mitchell was stopped by police en route, and gave the police consent to search his cell phone. Police found text messages between Mitchell and Tom Aston, Mitchell's son, indicating that Mitchell should bring the package to Aston. Mitchell admitted that he conspired with Aston to accept the parcel, and had planned on transporting the parcel to Aston in exchange for some of the cocaine in the parcel.

## B. Procedural Background

Mitchell was charged with one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine and one count of attempting to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and § 846. On October 17, 2016, Mitchell pleaded guilty to both counts.

The PSR noted that Mitchell qualified for the career-offender enhancement because Mitchell committed two qualifying predicate offenses under USSG § 4B1.1. Section 4B1.1 imposes a career-offender enhancement if the defendant's current conviction is for a controlled-substance offense and the defendant has at least two prior felony convictions of either a crime of violence or a controlled-substance offense.

Mitchell indisputably qualifies for the career-offender enhancement based on two previous convictions. First, in 1993, Mitchell was convicted of aggravated trafficking in drugs, a fourth-degree felony. Second, in 2004, Mitchell was convicted of aggravated assault for

assaulting a police officer in the performance of his duties. At the sentencing hearing, Mitchell did not dispute that these two prior convictions qualified him for the career-offender enhancement.

Mitchell's base offense level was 24. However, because Mitchell's current offense qualified him for a statutory maximum of 40 years, the career-offender enhancement in USSG § 4B1.1 increased his offense level to 34. *See* USSG § 4B1.1(b). The district court then applied a three-level reduction for Mitchell's acceptance of responsibility, resulting in a final offense level of 31.

The PSR calculated Mitchell's criminal-history score at 13, placing him in category VI. Mitchell's offense level and criminal-history category yielded a guidelines range of 188 to 235 months of imprisonment. While acknowledging that the district court properly calculated his guidelines range, Mitchell filed a motion for a downward departure under USSG § 4A1.3 and for a variance under the 18 U.S.C. § 3553(a) factors, which was denied.

The district court denied Mitchell's motion and sentenced Mitchell to 210 months of imprisonment on each count, to be served concurrently, in addition to four years of supervised release. The court noted that the sentence was "in the mid range of the guidelines," and emphasized that the "sentence hopefully will provide some deterrence."

In arriving at the sentence, the district court noted that Mitchell had been convicted of six total felonies and 11 misdemeanor offenses as an adult, in addition to the current charges, and that these charges often involved drugs. The district court discussed Mitchell's history of re-offending by pointing to Mitchell's relatively lenient prior sentences, which were followed by Mitchell violating his probation.[1] Moreover, the district court rejected the argument that

---

[1] During the sentencing hearing, the district court thoroughly discussed Mitchell's recidivism:

Mitchell's age, forty-seven, necessitated a more lenient sentence, stating, "[t]he defendant has not slowed down, no matter how old he has been. He's continued to commit crimes, new crimes, and his age has not been in any way a factor." Based on his pattern of criminal activity, the district court concluded that "the defendant has exhibited . . . a continued likelihood of committing crimes."

## II.

On appeal, Mitchell does not dispute that his prior offenses qualified him for the career-offender enhancement or that the district court properly calculated his guidelines range based on that enhancement. Instead, given the age and nature of his prior convictions, Mitchell argues that the career-offender designation significantly overrepresented the seriousness of his conduct and, thus, his sentence is substantively unreasonable.

Substantive unreasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). "A sentence is substantively unreasonable if the district court 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011) (quoting *United States v. Baker*, 559 F.3d 443, 448 (6th Cir. 2009). A sentence within the

---

So this defendant—there's no argument to be made whatsoever this defendant is not likely to continue to commit crimes and then we have—we can go on. We have the attempted drug abuse. We have operating a motor vehicle.

If you look at these offenses, and all of these offenses where he is given opportunities to—again, the attempted drug abuse. He's placed on some sort of probation. He violates probation. He fails to appear for a hearing. There's warrants issued. Same occurs with operating a motor vehicle in 2009, 33 days of jail, 30 suspended and there's recommendations here for other sanctions. He's in contempt of court. Warrants are issued, and it goes on.

So this is a defendant who clearly is a career offender. A lengthy sentence is warranted to protect the public, and for no other reason, to protect the public, reflect the seriousness of the offense, and I'm not sure that the offender's conduct and condition will ever improve sadly.

Transcript of Sentencing Hearing at 21, (No. 1:16cr168).

applicable Guidelines range is presumed to be substantively reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

On appeal, Mitchell puts forth two primary arguments to argue that the sentence was substantively unreasonable. First, Mitchell argues that the district court should have granted a downward departure under USSG § 4A1.3(b) because the "the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(b). However, this court has held that if the "district court was aware of its discretion to grant a downward departure but determined that the facts of the case did not justify such a departure," *United States v. Puckett*, 422 F.3d 340, 344 (6th Cir. 2005) (quoting *United States v. May*, 399 F.3d 817, 828 (6th Cir. 2005)), then the "court's failure to grant a downward departure is not reviewable . . . ." *Puckett*, 422 F.3d at 344.

Here, the district court clearly understood that it had discretion to depart, but concluded that based on Mitchell's extensive criminal history, "the argument for a downward departure is not well taken." Even if the merits of the decision to not depart downward *were* reviewable by this court, Mitchell's argument would fare no better. The district court thoroughly explained its decision to not depart downward by pointing to the defendant's history of re-offending after being given more lenient sentences. Thus, the district court did not abuse its discretion in sentencing Mitchell to a within-Guidelines sentence.

Mitchell also argues that the district court abused its discretion by not varying the sentence using the § 3553(a) factors and evaluating the history and characteristics of the defendant and the need for the sentence imposed. Mitchell argues that, in light of his age and the temporal remoteness of the previous convictions, he poses little risk of re-offending. Mitchell

cites this court's opinion in *United States v. Michael*, where we noted that a "district court may lawfully conclude . . . that the policies underlying the career-offender provisions . . . yield a sentence 'greater than necessary to serve the objectives of sentencing.'" 576 F.3d 323, 327 (6th Cir. 2009) (quoting 18 U.S.C. § 3553(a)).

However, that the district court *may* lawfully conclude that the career-offender enhancement would yield a sentence that is greater than necessary and thus opt to vary downward, does not mean that a district court abused its discretion by opting not to vary the sentence. *See United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007) ("The fact that . . . [this court] might have reasonably concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.") (quoting *Gall*, 552 U.S. at 51).

Here, the district court considered Mitchell's arguments but disagreed with his assessment. The district court was troubled by Mitchell's lack of maturity at age forty-seven, and was concerned with the fact that Mitchell did not advise his son against drug trafficking, but instead assisted his son in the scheme. Because Mitchell's criminal history indicated that he had consistently received more lenient sentences, only to reoffend, the district court concluded that "[a] lengthy sentence is warranted to protect the public . . . [and to] reflect the seriousness of the offense . . . ." The district court did not abuse its discretion in refusing to vary from the guidelines range.

**III.**

For the foregoing reasons, we AFFIRM the judgment of the district court.